IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ALDEN PAULINE, #A0256259, | Civ. No. 15-00074 LEK/RLP |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g) |
| v. |  |
| JUDGE MICHAEL SEABRIGHT, et al., |  |
| Defendants, |  |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND
DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Alden Pauline's prisoner civil rights complaint, "Motion Requesting a Hereing [sic] for my Civil Law Suit," and application to proceed *in forma pauperis* ("IFP"). Doc. Nos. 1, 4, 5. Pauline names United States District Judge J. Michael Seabright, Assistant United States ("AUSA") Attorney Mark Inciong, Drug Enforcement Administration ("DEA") Agent Bert Akana, Hawaii Department of Public Safety ("DPS") Deputy Sheriff Tommy Kong, federal criminal defendants Sheryl Reynolds, and Derek Montervon[1] as Defendants to this suit. Pauline also refers to HCF Gang Intelligence Officer Kimo Bruhn and Lt. Luetta as defendants within the Complaint, *see*

---

[1] *See United States v. Derek K. Montervon and Sheryl K. Reynolds*, Cr. No. 14-00912 JMS.

Doc. No. 1, PageID #2, but does not name them in the caption or explain their connection to his claims.

Pauline claims Defendants violated his rights under the Eighth and Fourteenth Amendments, the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and state law. *See* Doc. No. 1, PageID #2. He seeks an immediate hearing on his claims. *Id.*, PageID #8; Doc. No. 4. For the following reasons, Pauline's IFP application and Motion are DENIED, and this suit is DISMISSED without prejudice.

## I.  BACKGROUND

Pauline is incarcerated at the Halawa Correctional Facility ("HCF"). He commenced this action on **March 9, 2015**, the date he signed the Complaint. *See* Compl., Doc. No. 1 (filed Mar. 12, 2015), PageID #8. Pauline claims that he assisted Akana and Kong in arranging five "drug buys" with Reynolds and Montervon, in exchange for an agreement to transfer him to the Federal Detention Center-Honolulu ("FDC-Honolulu"), and speak on his behalf with the Hawaii Paroling Authority. *Id.*, PageID #5-7. He alleges Akana and Kong reneged on these promises, after which HCF prison guards and inmates retaliated against him and the HPA denied him parole.[2] He does not explain how Reynolds or

---

[2] These claims form the factual basis underlying his claims in *Pauline v. Espinda*, Civ. No. 13-00612 HG-RLP, in which Pauline alleges HCF officials and guards retaliated against him for

2

Montervon violated his federal civil rights, but nonetheless includes them as Defendants.

Pauline further claims that District Judge Seabright, who is presiding over Cr. No. 14-00912 JMS, and AUSA Inciong, who is prosecuting the case, failed to reply to his letters requesting to be called as a witness to a hearing in Cr. No. 14-00912 JMS. Pauline is neither a party nor a witness in this action, but apparently sought to explain his involvement with the federal criminal charges against Reynolds and Montervon.

On the same date that Pauline signed the Complaint, the court also received a letter from Pauline dated **March 2, 2015**, that had been forwarded from the Hawaii Supreme Court. *See In re: Pauline*, Civ. No. 15-00084 SOM/KSC, Doc. No. 1. The letter is titled "Motion for the Chief Judge to Hold a Hearing Regarding His Safety." This letter refers to Defendants Kong, Akana, Reynolds, and Montervon and the ongoing federal criminal case in Cr. No. 14-00912 JMS, and repeats Pauline's pending claims in Civ. No. 13-00612 HG/RLP. The court opened a miscellaneous case to determine Pauline's intent in sending this letter, Misc. No. 15-00085 SOM. On **March 18, 2015**, Chief United States District Judge Susan Oki Mollway held a telephonic status conference with

---

acting as a confidential informant for Kong and Akana in **2013**. Despite opportunities to do so, Pauline never named Kong, Akana, Montervon, or Reynolds as defendants in that action.

3

Pauline, DPS representative Shelley Nobriga, Esq, and Deputy Attorney General Henry Kim, on the record. *See* Doc. No. 2. During that hearing, Pauline identified the letter he sent to the Hawaii Supreme Court as a new civil rights complaint meant to be filed in this court, and he explained the basis for his claims. Doc. No. 4. Pauline also admitted several times that he was not in imminent danger of serious physical injury when he sent the letter and had not felt endangered from Defendants, HCF officials and guards, or other inmates for several months.

Chief Judge Mollway construed Pauline's letter as a prisoner civil rights action. *See* Civ. No. 15-00084 SOM/KSC Doc. No. 4. On March 24, 2015, Judge Mollway determined that Pauline has had three or more actions dismissed as frivolous, malicious, or failing to state a claim, as defined by 28 U.S.C. § 1915(g). *Id.*, Doc. No. 6. Judge Mollway therefore held that Pauline could not proceed IFP in Civ. No. 15-00084 SOM, because he had explicitly stated on the record that he was not in imminent danger of serious physical injury when he sent his letter, and had not felt endangered by anyone since, at the latest, January 15, 2015.

## II. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

>     on 3 or more prior occasions, while
>     incarcerated or detained in any facility,
>     brought an action or appeal in a court of the
>     United States that was dismissed on the
>     grounds that it is frivolous, malicious, or
>     fails to state a claim upon which relief may
>     be granted, unless the prisoner is under
>     imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. The district court may dismiss *sua sponte* an action that is barred by § 1915(g), after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard regarding his strikes before dismissal. *See id.* at 1120. After notice, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not apply. *Id.* ("once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of

persuading the court that § 1915(g) does not preclude IFP status").

Pauline has had three or more prisoner actions dismissed as frivolous, malicious, or failing to state a claim. *See, e.g.,Pauline v. Tufono, et al.*, Civ. No. 08-00389 DAE/LEK (D. Haw. Aug. 29, 2008); *Pauline v. Pali Momi Med. Ctr, et al.*, Civ. No. 08-00195 HG/KSC (D. Haw. June 3, 2008); *Pauline v. Tufono, et al.*, Civ. No. 08-00194 JMS/BMK (D. Haw. June 18, 2008); and *Pauline v. H.C.F. Adm'r, et al.*, Civ. No. 08-00196 SOM/LEK (D. Haw. May 7, 2008). The court has notified Pauline of his strikes many times and has informed him that he may not proceed IFP unless he is in imminent danger of serious physical injury. *See, e.g., Pauline v. Mishra*, *et al.*, Civ. No. 09-00520 SOM/KSC, Doc. No. 30 (Tr. of hearing on Mot. to Revoke IFP) (D. Haw. Mar. 18, 2010); *Pauline v. Frank*, Civ. No. 09-00514 SOM/BMK (D. Haw. 2009).

### III.  **<u>NO IMMINENT DANGER</u>**

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at

the time of filing." *Id.* at 1055 (citations omitted). Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

First, Pauline signed the Complaint on **March 9, 2015**. *See* Compl., Doc. No. 1, PageID #8. Pauline was afforded an opportunity to be heard regarding his claims, his strikes, and whether he was in imminent danger between **March 2 and March 18, 2015**, at the **March 18, 2015** hearing in Civ. No. 15-00084 SOM. This court has reviewed the transcript of that hearing and Judge Mollway's decision, and takes notice that Pauline stated unequivocally several times on the record that he was neither in danger at the time of the **March 18, 2015** hearing, nor when he mailed his pleading in Civ. No. 15-00084 SOM, on **March 2, 2015**.[3]

Instead, Pauline clearly stated that he had not felt endangered or threatened by HCF staff since no later than **January 15, 2015, or perhaps, December 2014.** He further admitted

---

[3] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court may also take notice of facts that are not subject to reasonable dispute, such as Pauline's on the record statements, because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

7

that he had neither been threatened by nor felt in imminent danger of serious physical injury from other inmates since the **August 28, 2014** hearing on his request for injunctive relief in Civ. No. 13-00612 HG/RLP, when he was moved to protective custody. *See* Civ. No. 13-00612 HG/RLP, Doc. No. 87, PageID #411 ¶ 3(Antonio Decl.); *Findings and Recommendation*, Doc. No. 105, PageID #539, #545. Pauline's statements are readily verifiable, and he cannot reasonably dispute that he made these statements on the record to Judge Mollway on March 18, 2015. Pauline, therefore, was not in imminent danger of serious physical injury at the time he submitted *this* action for filing on March 9, 2015, and is not entitled to an exception to the 3-strikes bar to proceeding *in forma pauperis* in this case. *See Andrews*, 493 F.3d at 1053.

Second, Pauline's allegations that he was sexually assaulted, injured on his head and eye, and required surgery on his "L ball," (left testicle), are either currently pending in Civ. No. 13-00612 HG/RLP, or have been extensively litigated in Pauline's earlier cases. *See* Civ. No. 09-00520 SOM/KSC (admitting that he self-mutilated his left testicle and was seeking medical treatment for continuing pain). That is, Pauline's allegations here, that inmates and guards sexually and

physically assaulted him in retaliation for his assistance to Kong and Akana, are pending in Civ. No. 13-00612 HG/RLP.

Third, Pauline fails to state a claim against Defendants. Pauline has no constitutional right to be transferred to the FDC-Honolulu. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-225 (1976); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating due process). He also has no federal or state-created liberty interest to parole or parole consideration. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (finding no right to parole under Hawaii's statutes). Pauline's claims against Kong, Akana, Sgt. Kimo Bruhn, and Lt. Luetta, for their alleged failure to secure him a transfer or parole fail to state a claim.[4]

Further, Pauline has no right to be present or to testify at a trial or criminal proceeding when he is neither a party nor a designated witness, and is, in fact, incarcerated.

---

[4] Although Bruhn and Luetta are not properly named in the Complaint, they are included here to thoroughly address Pauline's suggested defendants and claims.

Federal and state prosecutors and defense attorneys have complete discretion to call whomever they determine is appropriate as witnesses and are under no obligation to call an individual simply because that person allegedly has information and wants to testify. *See Lord v. Wood*, 184 F.3d 1083, 1095 (9th Cir. 1999) ("Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial."). Pauline's claims against Judge Seabright and AUSA Inciong therefore fail to state a claim.

Moreover, Pauline does not explain how Montervon and Reynolds, who were indicted on **October 22, 2014**, *see* Cr. No. 14-00912 JMS, were either acting under color of state law or violated his constitutional rights when they allegedly bought drugs with his assistance, or have posed a threat to his safety at HCF since their indictment. *See* 42 U.S.C. § 1983. He does not allege he has had any contact with them since the undated drug buys.

Fourth, because Pauline fails to state a cognizable claim against Defendants, he cannot show a nexus between the imminent danger he suggests in his pleading and the claims he asserts against them. That is, even assuming Pauline could be said to assert that he is in imminent danger, he does not allege, much less show, that such danger is "fairly traceable to a

10

violation of law" by any Defendant. *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009); *see also Thomas v. Ellis*, 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015); *Chappel v. Fleming*, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013); *Williams v. Brennan*, 2013 WL 394871, at *1 (E.D. Cal. Jan. 30, 2013).

### IV. <u>CONCLUSION</u>

Pauline fails to carry his burden of showing that he was in imminent danger of serious physical injury when he brought this action. His statements at the March 18, 2015 hearing in Civ. No. 15-00084 SOM refute such a finding, as do the simple facts presented in his Complaint in this action. Pauline may not proceed in this action without having paid the civil filing fee. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). Pauline may move within twenty-eight days to reopen this action for just cause, or he may reassert his claims in a new action, with concurrent payment of the $400.00 filing fee. He is directed to heed the court's analysis of his claims here if he chooses to move reopen or file a new case.

The March 12, 2015 Deficiency Order is VACATED. Any pending motions are DISMISSED. The Clerk shall close the case and note on the docket that this dismissal is without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Pauline v. Seabright, et al., Civ. No. 15-00074 LEK/RLP; 3 stks 2015; J:\PSA Draft Ords\LEK\Pauline 15-74 LEK (dny admits no imm dng & ftsc).wpd